## THE C. W. CRANE.

### C. W. CRANE CO., Inc., v. EVANS TRANSP. CORPORATION et al.

### UNITED STATES COMMERCIAL CO. v. C. W. CRANE CO., Inc., et al.

#### Nos. 16954, 17213.

District Court, E. D. New York.

Oct. 3, 1945.

---

[1] No opinion for publication.

920

Foley & Martin, of New York City, for Seaboard Great Lakes Corporation, for the motion.

Purdy & Lamb, of New York City, for M. J. Rudolph Co., Inc., opposed.

KENNEDY, District Judge.

Respondent Seaboard Great Lakes Corporation moves for leave to file an amended petition against the impleaded respondent M. J. Rudolph Co., Inc.[1] The case itself has been tried, and a decision and findings of fact have been filed. However, no decree has been entered, or at least the decree that was entered has been vacated on consent.

The decision in the case turned on liability for damage received by C. W. Crane while she was lying alongside S. S. Harpalycus at Pier 33, Brooklyn. She had been placed there by American Eagle, a tugboat operated by the moving respondent.

I found that C. W. Crane was seaworthy when she was placed alongside Harpalycus, that the cause of the disaster was the fact that on the evening of September 28, 1943, she began to grind against the side of Harpalycus, and that during the following day,

although the immediate sub-charterer (Seaboard Great Lakes Corporation) was notified of this condition, it made no effort to do anything about it until it was too late, and when it did start to get C. W. Crane away from her berth American Eagle went about the task in an unseamanlike way.

The theory of this motion is that the impleaded respondent Rudolph bears some responsibility for the damage to C. W. Crane, since that respondent had during the morning of September 29, 1943, shifted the scow at her berth. Obviously, the moving respondent has adopted the theory that if the berth was unsafe and this fact was known to Rudolph, then that respondent may be held accountable for its failure to do anything.

However, I did not hold actually that the berth at Pier 33 at Brooklyn was unsafe. I said quite plainly that the grinding of C. W. Crane against Harpalycus was caused not so much by wind and weather conditions as by traffic in Buttermilk Channel. And it seems to me that Rudolph, the stevedore, could not be held accountable in the absence of a showing of negligence. In other words, the primary duty of taking care of the scow was upon the sub-charterer Seaboard Great Lakes Corporation. It was unnecessary for the libelants to demonstrate negligence on the part of Seaboard Great Lakes Corporation to entitle them to a decree. So far as Rudolph is concerned I think the situation is different. I do not think that in a case of this kind they could be held at fault because of mere inaction. I should think a stevedore would have the right to suppose that the charterer who has the vessel in its possession will do all that is necessary to carry out its duty. For this reason, even if the petition impleading Rudolph had specifically alleged fault on the part of that corporation because of its failure to take C. W. Crane away from its berth at Pier 33, I should have reached the same result that I did.

I am confronted with a rather difficult problem. Ordinarily, I would grant the motion to amend without any hesitation on the theory that in admiralty the privilege of amendment ought to be favored. However, if I grant the motion, and take no further proof in the matter (as the moving respondent suggests), then Rudolph (which never had any notice that

---

[1] Hereinafter referred to as "Rudolph."

any fault on its part in the respect suggested would be urged against it) might, in the event of a modification of the decree in the Circuit Court of Appeals, find itself held at fault without any chance really to meet the issue.

For this reason I deny the motion. I am, however, suggesting as plainly as I can that even had the impleading petition set forth the specific claim now urged I would have reached the same result.

Settle order on notice.

